IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Mario Brown, # 301990,           ) | C/A NO. 8:10-880-CMC-BHH |
|                                  ) | |
|     Plaintiff,        ) | |
|                                  ) | |
|     -versus-          ) | **OPINION and ORDER** |
|                                  ) | |
| Chaplin Cooper, NFN; Warden Stephen  ) | |
| R. Claytor, Asso. Warden; Warden Michael ) | |
| McCall, Head Warden,             ) | |
|                                  ) | |
|     Defendants.       ) | |
| _____   ) | |

      This matter is before the court on Plaintiff's *pro se* complaint alleging violations of 42 U.S.C. § 1983.

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On January 4, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed with prejudice due to Plaintiff's failure to prosecute. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed a motion for appointment of counsel, styled, "Objections to Report and Recommendation." Dkt. #42 (filed Jan. 14, 2011).

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After conducting a *de novo* review as to "objections" made, and considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that the case should be dismissed.

As argued by Defendants in support of summary judgment, Plaintiff's complaint is defective for failure to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Fourth Circuit has held that failure to exhaust administrative remedies is an affirmative defense. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). In this case, Defendants asserted this defense in their Answer and moved for summary judgment based, in part, on this prerequisite. Therefore, this matter is subject to dismissal for failure to exhaust administrative remedies.

Dismissal for failure to exhaust administrative remedies is, generally, without prejudice to Plaintiff's right to re-file suit in this court should he properly exhaust his available administrative remedies. In this case, the Magistrate Judge recommends dismissal *with* prejudice due to Plaintiff's failure to prosecute. While it is true that Plaintiff has not properly responded to Defendants' summary judgment motion, dismissal with prejudice would provide Defendants with relief they do not seek and would preclude Plaintiff from refiling suit should he properly exhaust his administrative remedies.

Plaintiff's motion for appointment of counsel, titled "Objections to the Report and Recommendation," is **denied**. Defendant's motion for summary judgment is **granted** and this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 27, 2011

C:\Documents and Settings\nac60\Desktop\10-880 order.wpd